

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 05 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLEN C. TAYLOR; LYNELL M. TAYLOR,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, Trustee of Morgan Stanley Capital 1 Incorporated Trust 2006-NC2 Mortgage Pass-Through Certificates; UNKNOWN PARTIES, named as: John and Jane Does 1-1000; XYZ Corporations 1-15; ABC Limited Liability Companies 1-15; and 123 Banking Associations 1-15,<br><br>Defendants-Appellees. | No.   17-15286<br><br>D.C. No. 2:16-cv-01792-DLR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted February 12, 2018
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER and WATFORD, Circuit Judges, and ILLSTON,[**] District Judge.

This appeal involves allegations by borrowers Allen and Lynell Taylor that Deutsche Bank National Trust Company ("Deutsche Bank") violated federal and state laws in connection with their mortgage loan transaction and modification. The Taylors requested that title to their home be quieted in their name, and they sought damages against Deutsche Bank, alleging Truth in Lending Act ("TILA") violations and false recording of documents that created a cloud on title to their home. *See* 15 U.S.C. §§ 1635, 1639–41 (TILA claim); A.R.S. §§ 12-1101–03 (quiet title claim); A.R.S. § 33-420 (false recording claim).

The District Court dismissed the Taylors' First Amended Complaint. In doing so, the court took judicial notice of a Notice of Right to Cancel ("NRC") submitted by Deutsche Bank, and held that because the NRC met the notice requirements under TILA, the Taylors had three days, instead of three years, to rescind their loan transaction.

On appeal, the Taylors correctly argue that the District Court erred in taking judicial notice of the NRC that Deutsche Bank attached to its Motion to Dismiss. In ruling on a motion to dismiss, a district court generally "may not consider any

---

[**] The Honorable Susan Illston, United States District Judge for the Northern District of California, sitting by designation.

material beyond the pleadings[.]" *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (citation omitted), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Because the Taylors challenged the authenticity of the NRC proffered by Deutsche Bank, the District Court erred in taking judicial notice of it. *See* Fed. R. Evid. 201(b)(2); *Branch*, 14 F.3d at 454. Taking the complaint's factual allegations as true and construing them in the light most favorable to the Taylors as we must, *see No. 84 Emp'r-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 931 (9th Cir. 2003), we assume that the material disclosures and NRC the Taylors received were deficient under TILA and that the Taylors therefore had three years to rescind their loan. We nonetheless affirm the District Court on the merits.

Deutsche Bank contests the validity of the Taylors' notification to the creditor of the rescission. Even assuming that the Taylors properly notified the creditor of their intended rescission, however, the Taylors' claims nevertheless fail because they entered an accord and satisfaction after filing for bankruptcy. An accord and satisfaction under Arizona law "discharges a contractual obligation or cause of action when the parties agree to exchange something of value in resolution of a claim or demand and then perform on that agreement[.]" *Abbott v. Banner Health Network*, 372 P.3d 933, 937 (Ariz. 2016) (citations omitted). There

are four elements to an accord and satisfaction—"(1) proper subject matter, (2) competent parties, (3) assent or meeting of the minds of the parties, and (4) consideration." *Id.* The parties entered into a loan modification agreement ("LMA") in 2010 that satisfied these requirements.

The Taylors argue, however, that the LMA is void because they signed it under duress, but the alleged coercion amounted to no more than the creditor's threat to foreclose on their property. "Under Arizona law, economic duress involves a wrongful threat or act by one party that induces the other party to enter a transaction and precludes the other party from exercising free will." *Blue Circle Atl., Inc. v. Hill Top Developers, Inc.*, Nos. 92-15515, 92-15622, 1994 WL 399713, at *2 (9th Cir. Aug. 2, 1994) (citing *Republic Nat'l Life Ins. Co. v. Rudine*, 668 P.2d 905, 908 (Ariz. Ct. App. 1983)). There is nothing to suggest the threat to foreclose was wrongful. Even assuming that the threat of foreclosure here was wrongful, the Taylors may not argue that the LMA is unenforceable due to duress because they accepted the benefits of the LMA for six years before filing this action. *Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 409 n.7 (9th Cir. 1992) (holding no claim of duress when party accepted benefits of agreement for nearly four years before claiming duress) (citation omitted); *see also Hess v. BMO Harris Bank, N.A.*, No. 1 CA–CV 12–0097, 2012 WL 5921170, at *5

4

(Ariz. Ct. App. Nov. 27, 2012) (holding party cannot claim duress when it takes "no action for [two] years after the claimed duress occurred").

The District Court did not abuse its discretion in denying the Taylors leave to amend, because the Taylors already had an opportunity to amend. After removal of the case to federal court, the District Court ordered the parties to discuss the weaknesses of the Taylors' complaint and how the complaint could be cured. After the parties agreed to the Taylors' filing of a First Amended Complaint, Deutsche Bank moved to dismiss. As the District Court recognized, allowing the Taylors to file a Second Amended Complaint was unwarranted because they were already aware of their complaint's deficiencies and did not cure them in their First Amended Complaint. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

**AFFIRMED.**